NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THEODORE CONSTANTINO, JR., <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL AIRLINES, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 13-cv-1770 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on Defendants' objections to Magistrate Judge Mark Falk's Report and Recommendation regarding Plaintiff's motion to remand. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Falk's September 11, 2013 Report and Recommendation, and grants Plaintiff's motion to remand.

**I.   BACKGROUND**

This case arises over spilt soup. (Def. Obj. 2). Plaintiff alleges that while he was travelling on Defendants' international flight from Aruba to Newark, Defendants or one of their agents spilled hot soup on him, causing injury. (Pl. Mot. 1). The complaint avers that the injuries arose out of Defendants' negligence, carelessness, and recklessness. (Compl., ¶¶ 3-4). Defendants do not dispute that the complaint only recites state law causes of action. (E.g., Def. Opp. 3)

This case was originally filed in state court. Defendants removed the case to Federal Court, claiming federal question jurisdiction under 28 U.S.C. § 1331. Defendants argue that a federal

question is present because a federal treaty—the Montreal Convention[1]—completely preempts Plaintiffs claims. (Removal Notice, ¶ 5). Plaintiff timely filed the instant motion to remand, arguing his claims are not completely preempted by the Convention.

## II. LEGAL STANDARD

### A. Review of a Report and Recommendation

When a magistrate judge addresses motions that are considered dispositive, the magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).

Motions to remand to state court are dispositive motions. In re United States Healthcare, 159 F.3d 142, 146 (3d Cir. 1998). Thus, this Court will make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

### B. Removal Standard

Under the removal statute, 28 U.S.C. § 1441, "[a] civil action brought in state court may

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. TREATY DOC. No. 106-45. The Montreal Convention was intended to replace the 1929 treaty known as the Warsaw Convention. The negotiators intended that the Montreal Convention preserve the "the large body of judicial precedents" related to the Warsaw Convention. 149 CONG. REC. S10870 (daily ed. July 31, 2003) (statement of Sen. Biden). Thus, we join other courts in recognizing that the case law developed under the Warsaw Convention is still applicable in the interpretation of equivalent language in the Montreal Convention. E.g., Baah v. Virgin Atl. Airways Ltd., 473 F. Supp. 2d 591, 596 (S.D.N.Y. 2007).

be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim." Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). The third circuit directs that 28 U.S.C. § 1441 be strictly construed against removal and all doubts be resolved in favor of remand. Id. at 346 (citing Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996)); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005). The burden is on the removing party to show the case belongs in federal court. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

A district court has original jurisdiction over cases if the claim is one "arising under" federal law. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441). Whether a case arises under federal law is generally governed by the "well-pleaded complaint" rule. Id. Under that rule, a case will not "arise under" federal law unless the complaint affirmatively alleges a federal claim. Id. In other words, the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in his well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, the doctrine of "complete preemption" is an exception to the "well-pleaded complaint" rule. DiFelice v. Aetna U.S. Heathcare, 346 F.3d 442, 446 (3d Cir. 2003). Complete preemption arises when "a purportedly state-law claim comes within the scope of an exclusively federal cause of action." Id. at 445-46 (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983)) (internal citations omitted). In order to determine whether a federal cause of action is exclusive, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive." Beneficial, 539 U.S. at 9 n.5.

If complete preemption is not found, then federal law may provide a defense, perhaps even a complete one. Id. at 9; Fayard v. Northeast Vehicle Serv., 533 F.3d 42, 45 (1st Cir. 2008).

3

However, a case may not be removed to federal court on the basis of such a federal defense alone, even if the defense is an anticipated response to the plaintiff's complaint. Id.; see also, Caterpillar, 482 U.S. at 393.

### III. DISCUSSION

Because Plaintiff was on a round-trip flight from Newark to Aruba, the Montreal Convention applies. (ECF No. 13); Montreal Convention Art. 1(2); Blake v. American Airlines, Inc., 245 F.3d 1213, 1215 n.2 (2d Cir. 2001). The only dispute here is whether Plaintiff's state-law personal injury claims are completely preempted by the Montreal Convention. Although the Court is mindful of conflicting authority on this issue,[2] the Montreal Convention's plain language states that actions other than those created by the Montreal Convention may be maintained subject to the limits set forth by the Convention. Thus, particularly in light of the Third Circuit mandate to strictly construe the removal statute, Johnson, 724 F.3d at 346, removal is improper.

The focal point of the dispute is Article 29 of the Montreal Convention, which states:

> In the carriage of passengers, baggage and cargo, <u>any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise</u>, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

(emphasis added). On its face, the Montreal Convention contemplates actions brought under the Montreal Convention itself or "in contract or tort or otherwise." Id. This language, ratified by the

---

[2] Indeed, the debate among federal courts appears to have lasted nearly thirty years. See generally Campos v. Sociedad Aeronautica de Medellin Consolidada., S.A., 882 F.Supp. 1056, 1058 (S.D. Fl. 1996) (discussing the split in case law on the same issue under the Warsaw Convention for the previous ten years).

4

Senate without reservation,[3] plainly contemplates causes of action both under the Convention and not under the Convention. Therefore, the Court finds no congressional intent to create an exclusively federal cause of action. Thus, Article 29 of the Montreal Convention presumably operates as federal defense to state law claims and preempts those claims only to the extent that they exceed the limits set by the convention. See, e.g., Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 785 (7th Cir. 2008) (holding that the analogous provisions of the Warsaw Convention "simply operate as an affirmative defense."); Fayard, 533 F.3d at 45 (examining the difference between "complete preemption," and "ordinary preemption" and noting that the latter operates as an defense).

Defendants argue that the phrase: "any action . . . can only be brought subject to the conditions and such limits of liability as are set out in this Convention" indicates otherwise. (Def. Obj. at 4). Defendants rely upon El Al Israel Airlines, Ltd. v. Tseng 525 U.S. 155 (1999) to argue that this language mandates removal. This reliance is misplaced. Tseng simply held that an action for personal injury that did not satisfy the conditions of the Warsaw Convention could not be brought under state law. Id. at 176. In other words, Tseng held that when the Warsaw Convention conflicts with state law, the state law claims are "preempted" by the convention. Id. This sort of "ordinary preemption"[4] is distinct from "complete preemption" in the removal context. Fayard, 533 F.3d at 45 (explaining the difference between "complete preemption," and "ordinary

---

[3] The only reservation of the Senate in adoption of the treaty was a reservation stating that the Convention would "not apply to international carriage by air performed and operated directly by the United States of America for non-commercial purposes." 149 CONG. REC. S10869 (daily ed. July 31, 2003).

[4] "Ordinary preemption" is also referred to as "conflict preemption." See DeJoseph v. Continental Airlines, Inc. No. 13-7714, 2014 WL 1891407, *7 (D.N.J. May 12, 2014).

5

preemption"). Indeed, Tseng held that the equivalent phrase in the Warsaw Convention operates to preclude "passengers from bringing actions under local law <u>when they cannot establish air carrier liability under the treaty</u>." 525 U.S. 155, 174-75 (1999) (emphasis added). Thus, Tseng decision recognizes that the Montreal Convention might permit passengers to bring actions under local law when they <u>can</u> establish liability under the limitations set forth by treaty, as is the case here.

This result is bolstered by other Supreme Court precedent. In Zicherman, the court held that the Warsaw Convention "neither adopted any uniform rule of its own nor authorized national courts to pursue uniformity in derogation of otherwise applicable law." Zicherman v. Korean Air Lines Co., 516 U.S. 229, 230-31 (1996). Further, the Tseng Court recognized any preemptive effect of the Warsaw Convention "extends no further than the Convention's own substantive scope." 525 U.S. at 172. Thus, this Court joins the chorus of others holding that the Montreal (or Warsaw) Convention does not completely preempt state law claims. See, e.g., DeJoseph v. Continential Airlines, Inc. No. 13-7714, 2014 WL 1891407, at *7-8 (D.N.J. May 12, 2014); Zatta v. Societe Air Fr., No. 11-647, 2011 WL 2472280, at *2-3 (C.D. Cal. June 21, 2011); Nankin v. Cont'l Airlines, No. 09-7851, 2010 WL 342632, at *5 (C.D. Cal. Jan. 29, 2010); Serrano v. Am. Airlines Inc., No. 08-2256, 2008 WL 2117239, at *6-7 (C.D. Cal. May 15, 2008); Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008); Rogers v. Am. Airlines, Inc., 192 F. Supp. 2d 661, 663 (N.D. Tex. 2001); Air Express Int'l, Inc. v. Areovias De Mexico S.A. de C.V., 977 F. Supp. 1191, 1193 (S.D. Fla. 1997); Lavadenz De Estenssoro v. Am. Jet, S.A., 944 F. Supp. 813, 817-818 (C.D. Cal. 1996); Campos, 882 F. Supp. at 1059-60.

Courts that have held to the contrary have been persuaded that the Warsaw Convention's announced goals of certainty and uniformity for air carriers requires exclusive federal jurisdiction.

See, e.g., Husman v. Trans World Airlines, Inc., 169 F.3d 1151, 1153 (8th Cir. 1999); Schaffer-Condulmari v. U.S. Airways Grp., Inc., No. 09-1146, 2009 WL 4729882, at *8 (E.D. Pa. Dec. 8, 2009); Jones v. USA 3000 Airlines, No. 08-1855, 2009 WL 330596, at *3 (E.D. Mo. Feb. 9, 2009); Schoeffler-Miller v. Nw. Airlines, 2008 WL 4936737 at *3-4 (C.D. Ill. Nov. 17, 2008); Knowlton v. Am. Airlines, Inc., 2007 WL 273794, at *5 (D. Md. Jan. 31, 2007); Singh v. N. Am. Airlines, 426 F. Supp. 2d 38 (E.D.N.Y. 2006).

This argument is unpersuasive for three reasons. First, so long as local law is in accord with the limits of the Convention, certainty and uniformity for the carriers will be preserved. Second, when local law is not in accord with the limits of the Convention, under Tseng, the Convention presumably operates as an affirmative federal defense to any claim stretching beyond those limits. Sompo, 522 F.3d at 785; see also Beneficial, 539 U.S. at 9. This affirmative defense ensures uniformity in accordance with the purposes and limits of the Warsaw Convention outlined in Zicherman, 516 U.S. at 230-31. Finally, the circuit court opinions relied on by Defendants interpret the Warsaw Convention, which did not contain the phrase "whether under this Convention or in contract or in tort or otherwise." Compare Montreal Convention art. 29, with Warsaw Convention art. 24. That additional language indicates that local causes of action may be brought subject to the Convention's limitations. See DeJoseph, 2014 WL 1891407, *8 (noting the difference between the operative language in the Montreal Convention and the Warsaw Convention); Accord In re Air Disaster at Lockerbie, Scotland, 928 F.2d 1267, 1282 (2d. Cir. 1991) (recognizing that the analogous provision of the Warsaw Convention might be read to permit a local cause of action "subject to the conditions and monetary limits of the Convention.") Thus, because there is no intent that "the federal cause of action . . . be exclusive" the complete preemption exception does not apply. Beneficial, 539 U.S. at 9 n.5.

Applying the well-pleaded complaint rule, the Court finds that the Complaint pleads only state law causes of action, and so its claims do not arise under federal law. 28 U.S.C. § 1331.

## IV.   CONCLUSION

Having thoroughly reviewed Magistrate Judge Falk's Report and recommendation and the parties' submissions, this Court hereby adopts Magistrate Judge Falk's Report and Recommendation and grants Plaintiff's motion for remand. An appropriate Order accompanies this Opinion.

DATED: June 9, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**